1

**BRYAN CAVE LEIGHTON PAISNER LLP**
Jennifer Jackson (SBN: 192998)
jjackson@bclplaw.com
Richard Chagoury (SBN: 329842)
richard.chagoury@bclplaw.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200

Attorneys for Defendant
AERIES SOFTWARE, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANURAG GUPTA and by and through him, D.G. and V.G., his minor children, *individually and on behalf of all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> AERIES SOFTWARE, INC., <br><br> Defendant. | Case No. 8:20-cv-00995-FMO-ADS <br><br> **DEFENDANT AERIES SOFTWARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> [Fed. R. Civ. Proc. 12(b)(6)] <br><br> [Filed concurrently with [Proposed] Order] <br><br> Date:   August 20, 2020 <br> Time:   10:00 a.m. <br> Place:  Courtroom 6D <br><br> Complaint Filed:   May 28, 2020 <br> Trial Date:        None set |

602180488.12

**TO THE CLERK OF COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 20, 2020, at 10:00 a.m. or as soon thereafter the matter may be heard in Courtroom 6D of the above-captioned Court, located at 350 W. First Street, Los Angeles, CA 90012, defendant Aeries Software, Inc. ("Aeries") will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of plaintiffs Anurag Gupta and by and through him, D.G. and V.G., his minor children ("Plaintiffs"), without leave to amend, on the following grounds:

1.  Plaintiffs' first claim for negligence fails to state a claim upon which relief can be granted because Plaintiffs have not alleged that Aeries breached a duty to Plaintiffs or that any action by Aeries caused injury to Plaintiffs;

2.  Plaintiffs' second claim for negligence per se fails to state a claim upon which relief can be granted because negligence per se is not a valid cause of action under California law;

3.  Plaintiffs' third claim for declaratory relief fails to state a claim upon which relief can be granted because it is wholly duplicative of the other claims, all of which should be dismissed;

4.  Plaintiffs' fourth claim for breach of confidence fails to state a claim upon which relief can be granted because Plaintiffs have not alleged that they provided Aeries with any novel confidential business information that Aeries misused;

5.  Plaintiffs' fifth cause of action for breach of contract fails to state a claim upon which relief can be granted because Plaintiffs have not alleged that they are a  party to any agreement with Aeries, nor that they are proper, direct third-party beneficiaries to any such agreement;

6.  Plaintiffs' sixth cause of action for intrusion upon seclusion fails to

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MOTION TO DISMISS

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

state a claim upon which relief can be granted because Plaintiffs have not alleged that Aeries – rather than an unauthorized third party – has intruded into anything, or that any such intrusion was so objectionable as to be highly offensive to a reasonable person;

7. Plaintiffs' seventh cause of action for violation of California's Unfair Competition Law fails to state a claim upon which relief can be granted because Plaintiffs have failed to allege they suffered economic harm as required for standing under the statute, and they have failed to allege Aeries acted unlawfully, fraudulently or unfairly;

8. Plaintiffs' eighth cause of action for violation of the California Customer Records Act fails to state a claim upon which relief can be granted because Aeries is a data maintainer with a duty to notify data owners in the event of a data breach, not a data owner with a duty to notify individuals, and because Plaintiffs have failed to allege that the data breach involved any of the types of data that require notification under this statute; and

9. Plaintiffs' ninth cause of action for violation of the California Consumer Privacy Act fails to state a claim upon which relief can be granted because the private right of action in this statute applies only to statutorily-defined "businesses" and not to "service providers" such as Aeries, and only applies when data breaches involve certain enumerated types of data, none of which are alleged to be involved in the data breach in this case.

This Motion is based on the Complaint, this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support, the oral argument of counsel, and such other and further matters as the Court may consider.

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 13, 2020.

Dated:  July 21, 2020                    **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Jennifer A. Jackson*
Jennifer A. Jackson
Attorneys for Defendant Aeries Software, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

602180488.12

3

MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................... 1

II.   FACTUAL BACKGROUND ........................................................ 2

    A.    Aeries' Services ................................................................. 2

    B.    The Data Breach................................................................. 3

    C.    Communications Regarding the Data Breach...................... 4

    D.    The Lawsuit........................................................................ 5

III.  LEGAL STANDARD .................................................................... 5

IV.   EACH OF PLAINTIFFS' CLAIMS SHOULD BE DISMISSED................. 6

    A.    Plaintiffs' CCPA Claim Fails Because a Private Right of
        Action Is Not Available Under The Facts Alleged............................ 6

        1.    The CCPA's Private Right of Action Is Not Available
            Here Because Aeries Is a Service Provider, Not a
            Business. ...................................................................... 6

        2.    Plaintiffs Fail to Allege a Breach of the Type of
            Information Protected by the CCPA........................... 10

    B.    The California Consumer Records Act Claim Fails Because
        Aeries Only Maintains Data, and No Covered Information Was
        Accessed................................................................................ 11

    C.    The Intrusion Upon Seclusion Claim Fails Because Plaintiffs
        Do Not Allege Aeries Intruded Upon Their Privacy. ......................... 12

    D.    The Breach of Confidence Claim Fails Because it is
        Inapplicable to a Data Breach Case. ................................................ 14

    E.    The Negligence Per Se Claim Fails Because It is Not a Valid
        Cause of Action Under California Law. .......................................... 15

    F.    The Negligence Claim Fails Because Plaintiffs Have Not
        Alleged  Breach of a Legal Duty or Causation................................. 16

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

G.     Plaintiffs' Breach of Contract Claim Fails Because They are Not Third Party Beneficiaries. .............................................................. 17

H.     Plaintiffs Lack Standing to Bring a UCL Claim and Have Otherwise Failed to Plead an Unlawful, Unfair or Fraudulent Act. ...................................................................................................... 18

I.      Plaintiffs' Request for Declaratory Relief is Duplicative and Should be Dismissed. ................................................................... 20

V.    CONCLUSION ............................................................................. 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

In re Adobe Sys. Privacy Litig.,
  66 F. Supp. 3d 1197 (N.D. Cal. 2014)................................................................19

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...........................................................................................5

Bass v. Facebook, Inc.,
  394 F. Supp. 3d 1024 (N.D. Cal. 2019).......................................................15, 18

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ...........................................................................................5

Berkla v. Corel Corp.,
  302 F.3d 909 (9th Cir. 2002) .............................................................................14

Capcom Co. v. MKR Grp., Inc.,
  2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ......................................................5

Competitive Techs. v. Fujitsu Ltd,
  286 F. Supp. 3d 1118 (N.D. Cal. 2003).............................................................14

Corales v. Bennett,
  567 F.3d 554 (9th Cir. 2009) .............................................................................20

Deckers Outdoor Corp. v. J.C. Penney Co. Inc.,
  45 F. Supp. 3d 1181 (C.D. Cal. 2014) .................................................................5

Dent v. Nat'l Football League,
  902 F.3d 1109 (9th Cir. 2018) .....................................................................15, 16

Hernandez v. Hillsides, Inc.,
  47 Cal. 4th 272 (2009) ......................................................................................13

Holloway v. Bristol-Meyers Cop.,
  485 F.2d 986 (D.C. Cir. 1973) ...........................................................................15

Johnson v. Bank of America,
  No. 15-cv-6766-CAS, 2015 WL 7776808 (C.D. Cal. Nov. 30, 2015) ..............15

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Joseph v. J.J. Mac Intyre Companies, LLC,
    238 F. Supp. 2d 1158 (N.D. Cal. 2002) ............................................................... 12

K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.,
    171 Cal. App. 4th 939 (2009) ............................................................................. 14

Kwikset Corp. v. Superior Court,
    51 Cal. 4th 310 (2011) ................................................................................ 14, 18

Landale–Cameron Court, Inc. v. Ahonen,
    155 Cal. App. 4th 1401 (2007) ........................................................................... 17

Mangindin v. Washington Mut. Bank,
    637 F. Supp. 2d 700 (N.D. Cal. 2009) ................................................................. 20

Mazza v. Am. Honda Motor Co., Inc.,
    666 F.3d 581 (9th Cir. 2012) .............................................................................. 15

Miller v. Nat'l Broad. Co.,
    187 Cal. App. 3d 1463 (1986) ............................................................................. 13

Pica v. Delta Air Lines, Inc.,
    Case No. CV 18-2876-MWF, 2018 WL 5861362 (C.D. Cal. Sept.
    18, 2018) .......................................................................................................... 15

Quiroz v. Seventh Ave. Ctr.,
    140 Cal. App. 4th 1256 (2006) ........................................................................... 15

Silvaco Data Sys.v. Intel Corp.,
    184 Cal. App. 4th 210 (2010) ............................................................................. 14

Union Pac. RR Co. v. Ameron Pole Prods LLC,
    43 Cal. App. 5th 974 (2019) ............................................................................... 16

**Statutes**

Cal. Civ. Code § 1559 ............................................................................................... 17

Cal. Civ. Code § 1798.81.5 ........................................................................................ 5

Cal. Civ. Code § 1798.81.5(a)(2) .............................................................................. 11

Cal. Civ. Code § 1798.81.5(d)(1) ......................................................................... 12, 16

Cal. Civ. Code § 1798.81.5(d)(1)(a) .......................................................................... 10

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Cal. Civ. Code § 1798.82(a) ........................................................................... 11

Cal. Civ. Code § 1798.82(b) .................................................................. 11, 16

Cal. Civ. Code § 1798.140(v) ......................................................................... 7

Cal. Civ. Code § 1798.140(c) .......................................................................... 7

Cal. Civ. Code § 1798.140(c)(1)(A) ............................................................... 8

Cal. Civ. Code § 1798.140(c)(1)(B) ............................................................... 8

Cal. Civ. Code § 1798.140(c)(1)(C) ............................................................... 8

Cal. Civ. Code § 1798.150 ...................................................................... 5, 16

Cal. Civ. Code § 1798.150(1) ...................................................................... 10

Cal. Civ. Code § 1798.150(a) ........................................................................ 6

Cal. Civ. Code § 1798.185 .............................................................................. 6

California Consumer Privacy Act (CCPA) ........................................... *passim*

California Customer Records Act (CCRA) ......................................... *passim*

California Unfair Competition Law (UCL) .............................. 5, 18, 19, 20

California Uniform Trade Secrets Act (CUTSA) ........................................ 14

Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* ........................... 19

Federal Trade Commission (FTC) Act ........................................................ 15

FTC Act § 5 ................................................................................................... 20

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................. 5

**Regulations**

11 C.C.R. § 999.314 ....................................................................................... 7

**Other Authorities**

BAJI 7.20 ....................................................................................................... 12

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

California Department of Education CALPADS Statewide Student
    Identifier, https://www.cde.ca.gov/ds/sp/cl/ssid.asp, last accessed
    July 19, 2020 ................................................................................... 4

*Final Statement of Reasons*, California Office of the Attorney General,
    2020, Section I ............................................................................... 8

http://www.aeries.com/privacy-center (last visited July 9, 2020) ............................ 3

https://oag.ca.gov/sites/all/files/agweb/pdfs/privacy/ccpa-fsor.pdf, last
    accessed July 9, 2020 ..................................................................... 8

https://www.aeries.com/notice-of-data-breach-4-27-2020 ..................................... 4

Tait Graves, *Nonpublic Information and California Tort Law: A
    Proposal for Harmonizing California's Employee Mobility and
    Intellectual Property Regimes Under the Uniform Trade Secrets
    Act*, UCLA J. L. & Tech., Spring 2006 (2006) ................................... 14

U.S. Constitution, Art. III, § 2 ............................................................... 18

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

I. **INTRODUCTION**

This case arises out of a data security incident involving unauthorized access to defendant Aeries' Software-as-a-Service platform, which provides data support services to various school districts in California. Certain information about Aeries' school district clients' students, parents and guardians may have been impacted as a result of this incident. The information allegedly accessed includes parent and student account username, physical residence addresses, student permanent education IDs, e-mail addresses, and "password hashes," but not plain text passwords. After discovering the unauthorized access, Aeries investigated the incident and ensured that the access was terminated. Law enforcement has identified two suspects and is investigating the individuals believed to be responsible for the attack.

Plaintiffs are students and parents of an Aeries school district client who claim they were harmed as a result of the data security incident. Notably, Plaintiffs do not allege that any of their sensitive personal information – such as Social Security Number, driver's license or other government identification documents, financial account information, medical or health insurance information, or biometric data – was even stored on the Aeries system, much less subjected to unauthorized access. Plaintiffs also do not allege that any of their information has been misused in any way, or that they have been victims of identity theft. Nevertheless, Plaintiffs assert nine claims against Aries, seeking compensatory, statutory and punitive damages and injunctive relief. Plaintiffs' claims fail for multiple reasons.

As an initial matter, Aeries is not subject to the statutes under which Plaintiffs purport to sue. Aeries does not own, license or sell the information of students, parents, or guardians. Rather, Aeries contracts with school districts to provide information management services, pursuant to which it handles personal data. In this role, Aeries neither owed nor breached any obligation to Plaintiffs under the California Customer Records Act ("CCRA") or the California Consumer Privacy

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Ps AND As IN SUPP. OF MOT. TO DISMISS

Act's ("CCPA") data breach provision.  Even if it did, neither the CCRA nor the CCPA's data breach provision covers the types of information allegedly accessed in the subject incident.

For similar reasons, Plaintiffs' other claims cannot stand:

-- The claim for intrusion upon seclusion fails because Plaintiffs have alleged that an unauthorized third party, not Aeries, intruded upon their private matters, and the alleged intrusion was neither egregious nor highly offensive;

-- The breach of confidence claim fails because it has no applicability in a case about a data breach;

-- The negligence per se claim fails because negligence per se is not a valid, independent cause of action under California law;

-- The negligence claim fails because Plaintiffs fail to establish a legal duty that was owed or breached by Aeries, or that Aeries caused injury to Plaintiffs;

-- The breach of contract claim fails because Plaintiffs do not establish they were intended beneficiaries of the privacy policy communicated by Aeries to its school district clients;

-- The unfair competition law claim fails because Plaintiffs do not allege they lost money or property as a result of the data breach, and because they cannot establish Aeries' conduct was unlawful, unfair or fraudulent; and

-- Plaintiffs' request for declaratory relief is wholly duplicative of their other claims.

For each of these reasons, Plaintiffs' Complaint should be dismissed.

## II.    FACTUAL BACKGROUND

### A.    Aeries' Services

Aeries is a Software-as-a-Service provider that offers student data management system software to school districts.  (Compl. ¶15.)  Some public school districts in California utilize the Aeries Student Information System ("Aeries SIS") for day to day student information management.  (*Id.*)  Some districts choose to have

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Aeries host the district's student data on Aeries' servers while some districts, including the ABC Unified School District where Plaintiffs are enrolled[1], choose to use the Aeries SIS to support the district's local hosting of the student information. (Compl. ¶15.)

Over the course of the business relationship between Aeries and its school district customers, Aeries processes student data. (Compl. ¶21.) The districts may, for example, utilize the Aeries SIS as a way for students to access their attendance records, grades, or transcripts. (Compl. ¶ 21.) Each student gets unique log in credentials to access the Aeries SIS and upload or review information. (Compl. ¶21.) Aeries provides these services to school district customers pursuant to contracts and does not and has not claimed ownership over any of the student or parent data that it processes. (See Compl. ¶25, citing Aeries' Privacy Policy[2] (noting that Aeries collects information on behalf of educational institutions and that each educational institution "determines the information collected, maintained, and processed using Aeries' services," and directing users to contact their educational institutions if they have questions about the collection, storage, and use of information by Aeries).)

### B.    The Data Breach

According to the Complaint, beginning in or around November 2019, Aeries began investigating the possibility that the Aeries SIS suffered a data breach. (Compl. ¶ 33.) In or around January 2020, Aeries learned that one of its district clients' local database suffered unauthorized access, and Aeries undertook an investigation in cooperation with that district and law enforcement. (Compl. ¶ 35.) In or around March 2020, Aeries discovered that there had been unauthorized access to additional databases in the hosted environment (the "Data Breach"). (Compl. ¶

---

[1] Despite the allegation in the Complaint, ABC Unified School District hosts information in the Aeries SIS locally and does not have Aeries host the district's student data on Aeries' servers.
[2] Available at: http://www.aeries.com/privacy-center, last accessed on July 9, 2020.

3

Ps AND As IN SUPP. OF MOT. TO DISMISS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

37.)  In early May, 2020, Aeries learned that data processed through the Aeries SIS but stored locally on district servers was also subjected to unauthorized access. (Compl. ¶42.)  Aeries continued to investigate reports of unauthorized access and remediated these throughout the course of the investigation.  (Compl. ¶¶ 33-42.)

### C.  Communications Regarding the Data Breach

On April 27, 2020, Aeries circulated a Notice of Data Breach to its school district clients using Aeries' hosting capabilities ("April 27 Notice").[3]  (Compl. ¶ 38.)  The April 27 Notice stated that parent and student login names (username or e-mail address), physical residence addresses, student permanent education IDs,[4] e-mail addresses, and "password hashes," but not plain text passwords, were potentially compromised.[5]  (Compl. ¶¶ 38-39.)  ABC was one of the districts that received the April 27 Notice.  (Compl. ¶ 38.)  ABC, as a locally hosted user of the Aeries SIS, determined on May 12, 2020 (with the help of Aeries) that its system had been affected by the incident. (Compl. Ex. C, at 2 ("On May 12, 2020 the ABC unified School District was informed by Aeries Software…").)

On May 13, 2020, ABC provided notice of the Data Breach to the parents of children attending ABC schools.  (Compl. ¶41, Ex. A.)  On May 14, 2020, ABC's Director of Information Technology sent an additional communication instructing ABC students, parents and guardians to reset their Aeries SIS passwords.  (Compl. ¶41, Ex. B.)  On May 28, 2020, ABC sent an additional communication to parents and guardians, indicating that the universe of impacted data contained parent names, student names, student school IDs, physical resident addresses, email addresses, and password hashes.  (Compl. ¶41, Ex. C.)  This notice expressly stated that no Social

---

[3] Available at: https://www.aeries.com/notice-of-data-breach-4-27-2020
[4] The California Statewide Student Identifier is a "unique, non-personally-identifiable number linked to a given student within the California public K-12 educational system."  *See* California Department of Education CALPADS Statewide Student Identifier, https://www.cde.ca.gov/ds/sp/cl/ssid.asp, last accessed July 19, 2020.
[5] A password hash is a password stored in series of cryptographic hashes that is unreadable. Password hashes may be transformed back into a readable format with a corresponding "key."

Security Numbers were maintained in the Aeries system, and thus, Social Security Numbers were not impacted by the unauthorized access.  (Compl. ¶41.)

### D.    The Lawsuit

On May 28, 2020, Plaintiffs filed this lawsuit on behalf of themselves and nationwide and California classes of students, parents and guardians whose information was allegedly compromised in the Data Breach.  Plaintiffs assert claims for negligence, negligence per se, declaratory judgment, breach of confidence, breach of confidence, intrusion upon seclusion, violation of the California Unfair Competition Law ("UCL"), violation of the CCRA, and violation of the CCPA.

## III.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint and whether it contains a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Capcom Co. v. MKR Grp., Inc.*, 2008 WL 4661479, at *3 (N.D. Cal. Oct. 20, 2008).  "[A] court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences." *Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*, 45 F. Supp. 3d 1181, 1184 (C.D. Cal. 2014).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## IV.    EACH OF PLAINTIFFS' CLAIMS SHOULD BE DISMISSED

### A.    Plaintiffs' CCPA Claim Fails Because a Private Right of Action Is Not Available Under The Facts Alleged.

The CCPA, effective January 1, 2020, provides for a private right of action against a business that, as a result of its failure to implement reasonable security safeguards for personal information, discloses certain consumer information to unauthorized parties. Cal. Civ. Code §§ 1798.150, 1798.81.5. As explained below, a private action under the CCPA can only be brought against a "business," not against a "service provider" such as Aeries. But even if Aeries were a business under the CCPA (which it is not in this context), a data breach is only actionable if it results in the disclosure of certain categories of information, none of which were alleged to have been disclosed here.

### 1.    The CCPA's Private Right of Action Is Not Available Here Because Aeries Is a Service Provider, Not a Business.

A private action under the CCPA can only be brought against a "business." Cal. Civ. Code § 1798.150(a). Aeries, which acts as an information systems vendor to school districts, is not a "business" as defined under the CCPA. Rather, it is a "service provider."

The statute defines a "business" as follows:

> (1) A sole proprietorship, partnership, limited liability company, corporation, association, or other legal entity that is organized or operated for the profit or financial benefit of its shareholders or other owners, that collects consumers' personal information, or on the behalf of which such information is collected and that alone, or jointly with others, determines the purposes and means of the processing of consumers' personal information, that does business in the State of California, and that satisfies one or more of the following thresholds:

Ps AND As IN SUPP. OF MOT. TO DISMISS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

(A) Has annual gross revenues in excess of twenty-five million dollars ($25,000,000), as adjusted pursuant to paragraph (5) of subdivision (a) of Section 1798.185.

(B) Alone or in combination, annually buys, receives for the business' commercial purposes, sells, or shares for commercial purposes, alone or in combination, the personal information of 50,000 or more consumers, households, or devices.

(C) Derives 50 percent or more of its annual revenues from selling consumers' personal information.

Cal. Civ. Code § 1798.140(c).

In contrast, a "service provider" is defined as a legal entity that:

processes information on behalf of a business and to which the business discloses a consumer's personal information for a business purpose pursuant to a written contract, provided that the contract prohibits the entity receiving the information from retaining, using, or disclosing the personal information for any purpose other than for the specific purpose of performing the services specified in the contract for the business, or as otherwise permitted by this title, including retaining, using or disclosing the personal information for a commercial purpose other than providing the services specified in the contract with the business.

Cal. Civ. Code § 1798.140(v).

Under these definitions, Aeries is a service provider and not a business because it processes student, parent and guardian information on behalf of its school district clients for the school districts' own specific purposes.  (*See* Compl.¶¶ 1, 15.)

This is true even though Aeries' school district clients, as public or nonprofit

7

entities, are not "businesses" themselves under the CCPA.  *See* Cal. Civ. Code § 1798.140(c).  The CCPA's implementing regulations (the "Regulations") state that "[a] business that provides services to a person or organization that is not a business, and that would otherwise meet the requirements and obligations of a 'service provider' under the CCPA and these regulations, shall be deemed a service provider for purposes of the CCPA and these regulations."  11 C.C.R. § 999.314.

In fact, in its Final Statement of Reasons explaining the Regulations, the California Office of the Attorney General ("OAG") – which is tasked with developing the CCPA's implementing regulations – uses Aeries' line of business as its example of a service provider processing information on behalf of an entity that is not itself a "business."  *See Final Statement of Reasons*, California Office of the Attorney General, 2020, Section I, p. 30.[6]  The OAG notes that public and nonprofit entities, like schools, outsource operational needs through service providers, and those service providers should not be subject to the requirements the CCPA places on businesses.  *Id.*  The OAG explains that "a public school district may use a service provider to secure student information, including each student's grades and disciplinary record."  *Id.*  The OAG goes on to discuss the public policy reasons why such a service provider should not be subject to the CCPA, and concludes that "[t]reating a service provider for a public entity or nonprofit as a business would not support the purpose and intent of the CCPA because it may expose otherwise exempt personal information" to CCPA obligations.  *Id.*

It is thus clear that the OAG considers Aeries a service provider not subject to CCPA obligations that apply to businesses.  But even if the OAG had not already opined on this topic, the Complaint fails to allege any facts suggesting that Aeries is itself a business as defined by the statute.  The Complaint does not allege that Aeries has gross revenues in excess of $25 million, or that Aeries derives its annual

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

---

[6] Accessible at https://oag.ca.gov/sites/all/files/agweb/pdfs/privacy/ccpa-fsor.pdf, last accessed July 9, 2020.

8

revenues from the sale of consumers' personal information.  *See* Cal. Civ. Code § 1798.140(c)(1)(A) and (C).

Any attempt to paint Aeries as a business under Cal. Civ. Code § 1798.140(c)(1)(B) also fails because Plaintiffs do not allege that Aeries, "[a]lone or in combination, annually buys, receives for [its] commercial purposes, sells, or shares for commercial purposes, alone or in combination, the personal information of 50,000 or more consumers, households, or devices."  While Plaintiffs claim that Aeries receives personal information from "over 2.5 million students," they fail to allege that Aeries receives this information for a "commercial purpose" as opposed to a "business purpose" under the CCPA.  (*See* Compl.)  An entity that receives personal information from a separate entity for a "business purpose," and not for a "commercial purpose," is a service provider, and not a business under the CCPA.

Aeries receives and uses the personal information of parents and student purely in its role as a service provider to its school district clients, as Plaintiffs allege: Aeries receives personal information *in order to fulfill its contractual obligations to the school districts* to maintain and service student accounts and process payments of school fines and fees.  (*See*, *e.g.*, Compl., ¶ 1 ("Plaintiffs… are minor students at the ABC Unified School District … which is one of many public school districts in California that utilize the Aeries School Information System offering … to manage student data"); Compl. ¶ 15 ("Aeries touts that it offers 'industry leading student data management system software.'  Its primary offering, the Aeries SIS, is used by 'over 600 public school districts and education agencies.'"); Compl. ¶ 19 ("Aeries has sold its 'Software-as-a-Service' offering, the Aeries SIS, to over 600 public school districts and education agencies … Aeries' customers' 'use Aeries daily to manage student data on over 2.5 million students.'"))

Aeries is a service provider, not a business, under the CCPA, and the CCPA's private right of action does not apply.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**2.**     **Plaintiffs Fail to Allege a Breach of the Type of Information Protected by the CCPA.**

Even if this Court were to conclude that Aeries is a business under the CCPA, the CCPA claim should still be dismissed, as Plaintiffs have failed to allege that any of the statutorily enumerated categories of protected data were breached.

In order to be actionable, a data breach must result in disclosure of an individual's first name or initial and last name in conjunction with their (1) Social Security Number, (2) driver's license or other government-issued identification number, (3) financial account number in combination with a password that would permit access to the account, (4) medical information, (5) health insurance information, or (5) unique biometric identifier.  Cal. Civ. Code §§ 1798.150(1), 1798.81.5(d)(1)(a).  Plaintiffs have not alleged a disclosure of any of these types of their personal information in connection with the Data Breach.

Plaintiffs claim that, as a result of the Data Breach, an unauthorized individual had access to "parent name, student name, student ID (School), physical resident address, email address, and password hashes."  (Compl. ¶41, internal quotations omitted.)  This is the only information that Plaintiffs allege was actually accessed.  (*See* Compl.)  Although Plaintiffs allude to the "additional treasure troves of" information that Aeries Hosting is allegedly *capable of* storing (*e.g.*, Social Security Numbers), Plaintiffs fail to allege that any such information of theirs is *actually stored* in Aeries' systems, much less that these types of information *were accessed* in connection with the Data Breach.  (*See* Compl. ¶¶ 21, 25, 40.)  Instead, Plaintiffs attempt to conflate the data elements actually at issue with myriad other types of personal data that they hypothesize *could have* been exposed.  Any allegations that suggest the possibility of such sensitive information being accessed amount to nothing more than rank speculation that should be disregarded by this Court.

In short, Plaintiffs do not and cannot allege that their personal data of the type

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  that gives rise to a private right of action under the CCPA was improperly accessed.

2  Their CCPA claim fails and should be dismissed.

3  **B.**     **The California Consumer Records Act Claim Fails Because Aeries**

4          **Only Maintains Data, and No Covered Information Was Accessed**

5          Plaintiffs' claim for violation of the CCRA ignores that Aeries does not own

6  or license personal information, but rather, simply maintains it.  As such, Aeries'

7  only notification obligation in the event of a data security incident is to the data

8  owner – in this case, school districts such as ABC.  In any event, the CCRA covers

9  the same data types as does the CCPA data breach provision discussed above, none

10  of which was allegedly accessed here.

11          The CCRA includes California's data breach notification statute, which

12  prescribes when and how entities notify individuals of data security incidents.  The

13  statute distinguishes between entities that "own" or "license" personal data, and

14  entities that merely "maintain" it.  The CCRA states,

15          For the purpose of this section, the terms "own" and "license"

16          include personal information that a business retains as part of

17          the business' internal customer account or for the purpose of

18          using that information in transactions with the person to whom

19          the information relates. The term "maintain" includes personal

20          information that a business maintains but does not own or

21          license.

22  Cal. Civ. Code § 1798.81.5(a)(2).  Only entities that own or license personal

23  information have an obligation to notify impacted consumers of a data breach.  Cal.

24  Civ. Code § 1798.82(a).  Entities that maintain personal information have an

25  obligation, in turn, to report a data breach to the entity that owns or licenses the

26  personal information.  Cal Civ. Code § 1798.82(b).

27          It is clear from the allegations in the Complaint that Aeries merely

28  "maintains" personal information on behalf of its school district clients.  (Compl. ¶

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

157.)  For example, the Complaint is rife with allegations that Aeries provides the Aeries SIS as a service for its school district clients, and that it collects information from students and parents in that capacity.  (*See*, *e.g.*, Compl. ¶¶ 1, 15, 19.)  Accordingly, Aeries' only obligation under the CCRA was to notify ABC, the data owner, of the Data Breach, which Plaintiffs acknowledge it did.  The Complaint demonstrates that ABC determined it had been affected by the Data Breach on May 12, 2020. (Compl. Ex. C.)  Its May 28 notification to parents and students was made in a timely manner and contained the information required by the CCRA.  (Compl. Ex. C.)

In any event, the CCRA's notification requirement is only triggered by an unauthorized access of the types of information listed in Cal. Civ. Code § 1798.81.5(d)(1): first name or initial and last name in conjunction with either Social Security Number, driver's license or other government-issued identification number, financial account number in combination with a password that would permit access to the account, medical or health insurance information, unique biometric identifier, or username *and password that would permit access to an online account*.  Here, as the notification makes clear, the passwords were hashed, not plain-text.  As explained above, Plaintiffs have failed to allege the Data Breach involved any of their sensitive personal information falling within these categories.  Accordingly, notification was not required pursuant to the CCRA.

The CCRA claim fails and should be dismissed.

## C.    <u>The Intrusion Upon Seclusion Claim Fails Because Plaintiffs Do Not Allege Aeries Intruded Upon Their Privacy.</u>

To plead an intrusion upon seclusion claim, Plaintiffs must allege: (1) the defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiffs, (2) the intrusion was substantial and of a kind that would be highly offensive to an ordinary reasonable person, and (3) the intrusion caused plaintiffs to sustain injury, damage, loss, or

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  harm.  *Joseph v. J.J. Mac Intyre Companies, LLC*, 238 F. Supp. 2d 1158, 1169
2  (N.D. Cal. 2002); BAJI 7.20.

3      Plaintiffs have failed to allege these elements.  Even viewing the allegations
4  in the light most favorable to Plaintiffs, they have alleged, at most, that an
5  unauthorized third party – not Aeries – intruded upon their private matters.  By the
6  same token, any suggestion that Aeries "misused" their personal information is mere
7  conjecture unsupported by the allegations in the Complaint.  (Compl. ¶¶ 152-154.)

8      Plaintiffs also fail to allege any facts indicating that any purported intrusion
9  rose to the "high bar" of being "highly offensive."  In order to satisfy this element,
10 Plaintiffs must allege Aeries' conduct constituted an "egregious breach of the social
11 norms."  *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 295 (2009).  In determining
12 what is highly offensive, courts look to "the degree of intrusion, the context, conduct
13 and circumstances surrounding the intrusion as well as the intruder's motives and
14 objectives, the setting into which he intrudes, and the expectation of those whose
15 privacy is invaded."  *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1483-84
16 (1986).

17     Assessing those factors here, no allegations show that Aeries acted in a highly
18 offensive manner.  To the extent an unauthorized third party's access to Aeries'
19 system can be construed as an intrusion by Aeries, Plaintiffs merely allege the third
20 party accessed parent and student usernames, physical residence addresses, emails,
21 and password hashes.  (Compl. ¶38.)  Plaintiffs go on at length about the potential
22 damaging effects of the disclosure of information such as "detailed student health
23 records" or information that would prevent an individual from applying for a job or
24 obtaining a mortgage.  (Compl. ¶¶ 58-60.)  Missing from this narrative is any
25 allegation that such sensitive personal information relating to Plaintiffs was stored
26 on Aeries' systems or was disclosed, or that Plaintiffs are identity theft victims.  The
27 Court is not required to, and should not, consider Plaintiffs' baseless speculation that
28 other types of data may have been implicated, or that some hypothetical harm could

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   come to them as a result.  (Compl. ¶ 41.)

2      Because the alleged intrusion relates only to access by a third party of limited

3   categories of Plaintiffs' information, most of which is publicly available, this claim

4   fails and should be dismissed.

5      **D.    The Breach of Confidence Claim Fails Because it is Inapplicable to**

6           **a Data Breach Case.**

7      To state a claim for breach of confidence, Plaintiffs must allege "(1) the

8   plaintiff conveyed 'confidential and novel information' to the defendant; (2) the

9   defendant had knowledge that the information was being disclosed in confidence;

10  (3) there was an understanding between the defendant and the plaintiff that the

11  confidence be maintained; and (4) there was a disclosure or use in violation of the

12  understanding."  *Berkla v. Corel Corp.*, 302 F.3d 909 (9th Cir. 2002) (applying

13  California law).  Breach of confidence claims generally relate to confidential

14  business information, as is evidenced by the displacement of this claim with the

15  California Uniform Trade Secrets Act ("CUTSA").  *See*, *e.g.*, *Silvaco Data Sys.v.*

16  *Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010), *disapproved on other grounds by*

17  *Kiwkset Corp. v. Superior Court*, 51 Cal. 4th 310, 227 (2011); *see also, K.C.*

18  *Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939,

19  958 (2009) (concluding that CUTSA replaced breach of confidence claims under

20  California law).  The only logical conclusion is that courts replaced breach of

21  confidence claims with statutory trade secret claims because the claims were

22  intended to cover trade secret information.

23      Even if this claim has not been completely usurped by CUTSA, a breach of

24  confidence claim has no logical application where only personal information has

25  been disclosed.  The "typical fact pattern" for this claim "almost always involves the

26  entertainment industry" and an individual disclosing a "confidential script or idea

27  for a movie or television show to a more powerful studio or agent, and then alleges

28  that the defendant used the idea."  Tait Graves, *Nonpublic Information and*

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

*California Tort Law: A Proposal for Harmonizing California's Employee Mobility and Intellectual Property Regimes Under the Uniform Trade Secrets Act*, UCLA J. L. & Tech., Spring 2006, at 1, 49 (2006).  Nothing of the sort is alleged here.

Moreover, Plaintiffs do not and cannot allege they provided Aeries with "confidential and novel" information.  *Competitive Techs. v. Fujitsu Ltd*, 286 F. Supp. 3d 1118, 1144 (N.D. Cal. 2003).  Plaintiffs also fail to allege that Aeries, rather than an unauthorized third party, disclosed any of their information.  Finally, no allegation in the Complaint goes beyond mere conjecture to establish that any of Plaintiffs' personal information was misappropriated or misused in any way.  (*See* Compl. ¶ 133.)

Plaintiffs' attempt to shoehorn their allegations into a breach of confidence claim fails, and the claim should be dismissed.

### E.    The Negligence Per Se Claim Fails Because It is Not a Valid Cause of Action Under California Law.

California does not recognize negligence per se as an independent cause of action.  *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir. 2018), *citing Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256 (2006).  Courts dismiss negligence per se claims when they are brought as such.  *See*, *e.g.*, *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1038 (N.D. Cal. 2019) ("collapsing" a negligence and negligence per se claim into one single negligence claim).  For this reason, the claim should be dismissed.

Nor do Plaintiffs cognizably allege negligence per se as a basis for a standard negligence claim.  Plaintiffs' negligence per se claim is purportedly based upon a violation of Section 5 of the FTC Act.  (Compl. ¶ 114.)  But the FTC Act does not provide a private right of action, and accordingly, a court in this District has found that it does not support a negligence per se claim.  *Pica v. Delta Air Lines, Inc.*, Case No. CV 18-2876-MWF, 2018 WL 5861362 (C.D. Cal. Sept. 18, 2018), *citing Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 592 (9th Cir. 2012) (*citing Holloway v.*

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

*Bristol-Meyers Cop.*, 485 F.2d 986, 997 (D.C. Cir. 1973); *Johnson v. Bank of America*, No. 15-cv-6766-CAS (KSx), 2015 WL 7776808, at *4 (C.D. Cal. Nov. 30, 2015) ("Plaintiff asserts a claim against defendants for violation of the FTC Act. However, the FTC Act does not recognize a private right of action.").  Accordingly, this claim should be dismissed.

**F.      The Negligence Claim Fails Because Plaintiffs Have Not Alleged Breach of a Legal Duty or Causation.**

To state a claim for negligence in California, a plaintiff must allege (1) the defendant had a duty, or an "obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks," (2) the defendant breached that duty, (3) that breach proximately caused the plaintiff's injuries, and (4) damages.  *Dent v. Nat'l Football League*, 902 F.3d 1109, 1118 (9th Cir. 2018).

As described above, the California Legislature has defined the duties and responsibilities of entities that process personal information on behalf of their clients.  This includes a duty to protect against the disclosure of only certain types of sensitive information.  *See* Cal. Civ. Code §§ 1798.81.5(d)(1), 1798.82(b), 1798.150.  Plaintiffs should not be permitted to circumvent the will of the Legislature by attempting to hold Aeries liable for an alleged disclosure of less-sensitive information, most of which is publicly available, particularly when Aeries' business relationship is with the school districts and it has no direct relationship with Plaintiffs themselves.

Similarly, Plaintiffs' Complaint clearly alleges that an unauthorized individual was the cause of their injuries, not Aeries. "In a negligence action, the plaintiff must show the defendant's acts or omission … was a cause of the plaintiff's injury."  *Union Pac. RR Co. v. Ameron Pole Prods LLC*, 43 Cal. App. 5th 974, 118 (2019).  To that end, Plaintiff must allege that Aeries was a "substantial factor" in bringing about their injuries.  *Id.*  Plaintiffs must allege either that they would not have suffered the injury but-for Aeries' conduct, or that Aeries' conduct was one of

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   multiple causes sufficient to cause the alleged harm.  *Id.*  Plaintiff has alleged

2   neither.  Even assuming that Aeries failed to maintain reasonable security measures,

3   as Plaintiff alleges, none of Plaintiffs' alleged injuries could accrue unless the

4   unauthorized individual accessed their information.  (Compl. ¶ 110, listing injuries

5   such as the "ongoing, imminent, certainly impending threat of identity theft crimes,"

6   and "loss of value of their privacy and the confidentiality of the stolen PII.").  It is

7   the unauthorized attacker - not Aeries - who is the "but for" cause of Plaintiffs'

8   alleged injuries.  Plaintiff has not, and could not, allege causation, and has failed to

9   state a negligence claim.

**G.**     **Plaintiffs' Breach of Contract Claim Fails Because They are Not Third Party Beneficiaries.**

12         Plaintiffs do not and cannot allege they have a contract with Aeries.  Instead,

13   Plaintiffs claim they are third party beneficiaries to the Aeries online "Privacy

14   Policy" and, as such, are entitled to enforce its provisions against Aeries, including

15   the "Protection of Your Information" section setting forth the security measures

16   Aeries takes with information it receives.

17         Under California law, one who is not a party to a contract may enforce the

18   contract if the contract is "made expressly for the benefit of a third person…"  Cal.

19   Civ. Code § 1559.  "Whether a third party is an intended beneficiary or merely an

20   incidental beneficiary to the contract involves construction of the parties' intent,

21   gleaned from reading the contract as a whole in light of the circumstances under

22   which it was entered."  *Landale–Cameron Court, Inc. v. Ahonen*, 155 Cal.App.4th

23   1401, 1411 (2007).  "Third party beneficiaries have no right to sue for the breach of

24   a contract that only incidentally benefits them.  Instead, only intended third party

25   beneficiaries to a contract may sue to enforce the contract."  *Id*.

26         Third party beneficiaries are mentioned nowhere in the Privacy Policy.  While

27   Plaintiffs allege that the "clear or manifest intent of Aeries and its school district

28   clients" was to benefit Plaintiffs, they do not identify a single provision of the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Privacy Policy that contemplates such a manifestation, or even explain what benefit
2  they believe was conferred.  (Compl. ¶ 143.)  Plaintiffs' bare legal conclusions
3  regarding their beneficiary status should be disregarded, and the breach of contract
4  claim should be dismissed.

5  **H.** **Plaintiffs Lack Standing to Bring a UCL Claim and Have**
6  **Otherwise Failed to Plead an Unlawful, Unfair or Fraudulent Act.**

7  Standing to assert a claim for unfair competition requires allegations of an
8  economic injury – a requirement that is "substantially narrower" than general
9  federal standing under Article III, Section 2 of the U.S. Constitution.  *Kwikset Corp.*
10 *v. Superior Court*, 51 Cal. 4th 310, 323 (2011).  To plead a claim under the UCL,
11 Plaintiffs must allege the actual loss of money or property.  *Id*.  Plaintiffs have failed
12 to do so.  (*See* Compl. ¶ 166 (alleging that Plaintiffs suffered "ascertainable losses
13 of money or property" but failing to mention what money or property they have
14 lost).)  Nor could Plaintiffs successfully allege such a loss, because "alleged harm
15 arising from risk of future harm and loss of time" is insufficient to allege "lost
16 money or property as a result of unfair competition."  *Bass v. Facebook*, 394 F.
17 Supp. 3d 1024, 1040 (N.D. Cal. 2019) (dismissing a UCL claim in a data breach
18 case because plaintiff failed to plead any economic harm).  Neither is "the loss of
19 value of personal information" an economic harm, as it is "not enough to say the
20 information was taken and therefore it has lost value."  *Id*.  While Plaintiffs attempt
21 to demonstrate the alleged value of data such as Apple ID usernames and passwords,
22 they have not provided any value for the types of information actually alleged to be
23 accessed here.  (Compl. ¶ 57.)  Plaintiffs have not pleaded how the information
24 actually accessed has any economic value to them, as courts have required.  *Bass*,
25 394 F. Supp. 3d at 1040.  Nor could they, because the information was either
26 publicly available or otherwise useless to the unauthorized third party.  Plaintiffs'
27 allegations of harm do not go beyond the "risk of future harm and loss of time,"
28 which are insufficient to establish standing under the UCL.  *Id*.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

In addition, as described above, Plaintiffs have not alleged that Aeries' alleged conduct was unlawful, unfair or fraudulent.  To the extent their UCL claim is premised upon violations of the CCRA or the CCPA, the claim fails along with those claims.  And merely reciting a list of statutes, without explaining how they were allegedly violated, is insufficient state a claim for unlawful conduct under the UCL.  (*See* Compl. ¶ 160.)

Plaintiffs fail to state a claim for fraudulent conduct under the UCL because they do not allege Aeries ever made any representation to them about anything, much less that they relied upon such a representation and lost money or property as a result.

Plaintiffs' unfairness claim under the UCL also fails.  Plaintiffs must allege facts that pass either the "tethering" test or the "balancing" test.  *In re Adobe Sys. Privacy Litig.*, 66 F. Supp. 3d 1197, 1226 (N.D. Cal. 2014).  Under the tethering test, Plaintiffs must allege that "the public policy which is a predicate" to the UCL claim is "tethered to a specific constitutional, statutory, or regulatory provision." *Id.* But Plaintiffs' claim that Aeries' actions were unfair is inconsistent with the Legislature's and the OAG's determination of the duties and obligations of an entity that provides information processing services on behalf of its clients.  Similarly, to successfully allege a claim under the "balancing" test, Plaintiffs must allege facts that the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court weigh the utility of the defendant's conduct against the gravity of the harm." *Adobe Sys.*, 66 F. Supp. 3d at 1226.  Here, the gravity of harm is non-existent; Plaintiffs fail to allege anything beyond access to certain limited information, and certainly nothing "substantially injurious to consumers."  Accordingly, Plaintiffs have failed to establish that Aeries acted unfairly under either doctrine.

Plaintiffs' UCL claim should be dismissed.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**I.** **Plaintiffs' Request for Declaratory Relief is Duplicative and Should be Dismissed.**

Plaintiffs' request for relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, is wholly duplicative of its other claims and should be dismissed. "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009) (dismissing claim for declaratory relief where the same relief would be provided by other causes of action).

Plaintiffs request a judgment declaring that Aeries owes a legal duty to secure its users' personal information and timely notify consumers of a data breach under common law, Section 5 of the FTC Act, and various state statutes, and that Aeries continues to breach this legal duty by failing to employ reasonable measures to secure Plaintiffs' personal information. (Compl. ¶ 121.) The existence or non-existence of Aeries' legal duties, and whether Aeries is in breach thereof, will be decided in connection with Plaintiffs' other claims, including but not limited to their claim for negligence. *See*, *e.g.*, *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) ("Under California law, the elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to this standard (breach of duty)...").

Similarly, Plaintiffs' request for a prospective injunction, requiring "Aeries to employ adequate security practices consistent with law and industry standards to protect its users' PII," (Compl. ¶122), is duplicative of their claim under the UCL, in which they request injunctive relief for Aeries' alleged failure to "comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and class members' PII." (Compl. ¶¶ 167; 161(c).)

Plaintiffs' request for declaratory relief should be dismissed.

## V.    **CONCLUSION**

For the foregoing reasons, Aeries respectfully requests that this Court grant Aeries' motion and dismiss Plaintiffs' Complaint and each of the claims asserted therein without leave to amend.


Dated:  July 21, 2020                          **BRYAN CAVE LEIGHTON PAISNER LLP**


By: */s/ Jennifer A. Jackson*
Jennifer A. Jackson
Attorneys for Defendant Aeries Software, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386