1 | Jena Valdetero *pro hac vice*
2 | GREENBERG TRAURIG, LLP
3 | 77 W. Wacker, Suite 3100
4 | Chicago, Illinois 60601
   | Telephone: 312.456.1025
5 | jena.valdetero@gtlaw.com
   | *Attorney for Defendant Aeries Software, Inc.*

6

7

8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11

| | |
|---|---|
| ANURAG GUPTA and by and through him, D.G. and V.G., his minor children, | CASE NO. 8:20-cv-00995 |
| *individually and on behalf of all others similarly situated*, | **DEFENDANT'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiffs, | |
| v. | Date: November 10, 2022 |
| | Time: 10:00 A.M. |
| AERIES SOFTWARE, INC., | Courtroom: 6D |
| | Judge: Honorable Fernando M. Olguin |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*ACTIVE 682931986v1*

1
2

# TABLE OF CONTENTS

PAGE(S)

I. Introduction ..........................................................................................................2

II. Factual Background ............................................................................................3
   A.  Plaintiff's Claims and the Litigation ................................................................3
   B.  Mediation and Settlement .............................................................................5
   C.  Preliminary Approval ....................................................................................5

III. Terms and Administration ................................................................................5
   A.  Settlement Terms...........................................................................................5
   B.  Administration ..............................................................................................5

IV. The Settlement Meets The Standards for Final Approval As Fair, Reasonable,
and Adequate .........................................................................................................6
   A.  The Strength of Plaintiff's Case....................................................................7
   B.  The Risk, Expense, Complexity and Likely Duration of Further Litigation .....8
   C.  The Risk of Maintaining Class Action Status Throughout Trial .......................9
   D.  The Amount Offered in Settlement is Fair and Reasonable ............................9
   E.  Extent of Discovery Completed and Stage of Proceedings ...........................10
   F.  The Experience and Support of Class Counsel................................................10
   G.  Government Participation ..............................................................................10
   H.  Reaction of the Class Members to the Settlement ..........................................11
   I.  Balancing All Applicable Factors, The Settlement Should be Approved **.......**11

V. Conclusion ........................................................................................................11

ACTIVE 682931986v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976)..............................................................................6

*Chambers v. Whirlpool Corp.*,
   No. CV11-1733, 2016 WL 5922456 (C.D. Cal. 2016) ........................................9

*Class Plaintiffs v. Seattle*,
   955 F.2d 1268 (9th Cir. 1992)..........................................................................6, 7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)..............................................................................7

*In re LinkedIn User Privacy Litig.*,
   309 F.R.D. 573 (N.D. Cal. 2015) .........................................................................9

*Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)....................................................................8, 10

*Stanton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)................................................................................7

*Viceral v. Mistras Grp., Inc.*,
   No. 15-CV-02198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11,
   2016) .....................................................................................................................9

*West v. Circle K Stores, Inc.*,
   2006 U.S. Dist. LEXIS 76558 (E.D. C.A. 2006) ..............................................10

**Statutes**

California Consumer Privacy Act....................................................................................4

California Consumer Privacy Act....................................................................................8

California Customer Records Act....................................................................................4

California's Unfair Competition Law..............................................................................4

Class Action Fairness Act, 28 U.S.C. § 1715...............................................................11

ii

**Other Authorities**

Fed. Rule Civ. Proc. 23(e)(2)...................................................................................6

Federal Rule of Evidence 408.................................................................................3

Federal Rules of Civil Procedure Rule 23(e) ........................................................2

Rule 23 ...................................................................................................................6

ACTIVE 682931986v1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 10, 2022, at 10:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Fernando M. Olguin, United States District Court, Central District of California, Western Division, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, Defendant Aeries Software, Inc. ("Aeries"), will and hereby does move for an Order granting final approval of the proposed Class Action Settlement ("Settlement"), certification of the Settlement Class, and approval of the Class Notice as fair, adequate, and reasonable to the Class.

Accordingly, Aeries hereby joins the requests made by Plaintiff in her Motion for Final Approval of Class Action Settlement (ECF No. 95).

As discussed in the accompanying motion, approval of the Settlement Agreement and the related relief is appropriate under applicable law and justified under the circumstances of this matter. This motion is based upon this notice of motion and motion, including all exhibits thereto and all papers filed in support thereof.

Respectfully submitted,

DATE: OCTOBER 24, 2022

By: /s/ *Jena Valdetero*
Jena Valdetero, *pro hac vice*
Lori Chang
GREENBERG TRAURIG, LLP
*Attorney for Defendant*

1

*ACTIVE 682931986v1*

Defendant Aeries Software, Inc. hereby moves, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order granting final approval of the Settlement of this action and dismissing the action with prejudice. Aeries agrees with the relief requested in Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 95) ("Plaintiff's Motion"), and states that this Motion is brought to supplement, and not to oppose, Plaintiff's Motion.

## I.      INTRODUCTION

In late 2019 and into early 2020, an unauthorized third-party individual exploited an alleged vulnerability in Aeries' Student Information System (the "Aeries SIS"), a student information management platform. This criminal, unauthorized access allowed this individual the ability to view the student records of the approximately 100,000 Class Members[1], comprised of students and parents/guardians of students enrolled in a school district utilizing the Aeries SIS. The types of information potentially exposed could have included usernames and hashed passwords and some limited medical information. In the spring of 2020, Plaintiff filed a class action complaint against Aeries, alleging that Aeries failed to properly protect the Class Members' personal information.

Although Aeries denies liability, the Settlement is a significant achievement, ending over two years of time-consuming litigation. The Settlement provides Class Members both monetary and non-monetary benefits carefully tailored to provide relief they claim to have suffered as a result of alleged exposure of their personal information. Class Members who submitted a claim will receive reimbursement for Out-of-Pocket Losses and any Attested Time, Pro Rata Cash Payments, an extension of the credit monitoring services that Aeries had already

---

[1] Unless otherwise defined herein, defined terms take their meaning from the Settlement Agreement (ECF No. 55-1).

2

*ACTIVE 682931986v1*

The Settlement has received overwhelming support from the Class Members. Approximately 2,258 Class Members have submitted Claims. None have objected, and only ten Class Members have opted out. The Net Settlement Fund will be completely distributed to Class Members, and there will be no reversion to Aeries.

Given the benefits to the Class, the lack of objections to the Settlement, and the fairness and adequacy of the Settlement's terms, this Court should approve the Settlement and enter the final order and judgment.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Claims and the Litigation

Plaintiff's claims arise from a data security incident suffered by Aeries in late fall of 2019 and early January of 2020.[2] SAC, ¶¶ 36-38. As a result of this incident, an unauthorized individual was able to access, among other things, usernames and hashed passwords, as well as some medical information like immunization records, of approximately 100,000 individuals utilizing the Aeries SIS in San Dieguito Union High School District ("SDUHSD"). SAC, ¶¶ 41-43. Aeries issued notice of the Data Breach on April 27, 2020, to its school district customers. SAC, ¶ 42. SDUHSD then sent notifications to the impacted parents and guardians on or about May 14, 2020. SAC, ¶ 45.

Plaintiff filed his class action complaint on May 28, 2020, proposing a class of other similarly situated students, parents, and guardians in the United States whose PII was compromised by the Data Breach. ECF No. 1. On July 21, 2020, Aeries filed a Motion to Dismiss the Complaint (ECF No. 20), and Plaintiff filed a First Amended Class Action Complaint on August 13, 2020 ("Amended Complaint"). ECF No. 26. The Amended Complaint alleged claims for negligence,

---

[2] All statements and representations herein are made solely for the purpose of seeking class approval of settlement and are conditioned upon the court approving the Settlement. All representations are made pursuant to Federal Rule of Evidence 408, and no such representations shall be admissible for any purpose, including, but not limited to, establishing liability, should the Court not finally and fully approve the Settlement.

3

1  declaratory judgment, breach of confidence, breach of contract, violation of

2  California's unfair competition law, violation of the California Customer Records

3  Act, and violation of the California Consumer Privacy Act.

4      On August 27, 2020, Aeries filed a Motion to Dismiss the First Amended

5  Complaint. ECF No. 28. In it, Aeries argued that each claim should be dismissed for

6  failure to state a claim. Specifically, Aeries argued that Plaintiff did not and could

7  not allege any recoverable injury or damages based on the Data Breach ECF No.

8  28., ¶ IV(D). Additionally, Aeries argued that Plaintiff did not provide Aeries with

9  any novel confidential business information that would sustain a breach of

10  confidence claim (ECF No. 20, ¶ IV(C), and that there was no agreement between

11  the parties that would sustain a breach of contract claim (ECF No. 28, ¶ IV(E)).

12  Aeries also argued that the violation of California's Unfair Competition Law was

13  unfounded because Plaintiff failed to allege economic harm, or that Aeries acted

14  unlawfully, fraudulently, or unfairly. ECF No. 28, ¶ IV(F). With regards to the claim

15  for violation of the California Customer Records Act, Aeries argued that the claim

16  was unfounded as Aeries did not owe a statutory obligation to notify Plaintiff under

17  the statute, and that Plaintiff did not allege that the Data Breach involved any type of

18  data that required notification. ECF No. 28, IV(B). Finally, with regard to Plaintiff's

19  claim under the California Consumer Privacy Act, Aeries argued that, as a service

20  provider, this statute could not be retroactively applied to a breach that occurred

21  before the effective date, that the private right of action applies only to statutorily-

22  defined "businesses" and not to service providers such as Aeries, and that the private

23  right of action only applies when data breaches involve certain types of enumerated

24  data, none of which were involved in the Data Breach. ECF No. 28, ¶ IV(A).

25      On September 11, 2020, the parties filed a joint Stipulation that all

26  proceedings and deadlines would be stayed up through and including November 10,

27  2020, to allow the parties and the Court to conserve resources and allow them to

28  focus on mediation and settlement. ECF No. 29. The Court granted this Motion on

4

November 21, 2020. ECF No. 30. Plaintiff filed a Second Amended Complaint on June 8, 2021, substituting the Gupta Plaintiffs for a different class representative, due to a narrowing of the potential class during settlement negotiations. ECF No. 53.

The Court entered a Preliminary Approval Order ("PAO"), preliminarily approving the Settlement on July 7, 2022. ECF No. 90.

### B.   Mediation and Settlement

Aeries concurs in the facts related to mediation and settlement of this Action as set forth in Plaintiff's Motion (ECF No. 95) and therefore incorporates Section II(B) "Mediation, Settlement Negotiations, and Settlement" as if set forth herein.

### C.   Preliminary Approval

Aeries concurs in the facts related to the preliminary approval phase of this Action as set forth in Plaintiff's Motion (ECF No. 95) and therefore incorporates Section II(C) as if set forth herein.

## III.   TERMS AND ADMINISTRATION

Aeries denies any and all liability to the named Plaintiff or the Class Members. Aeries entered into the Settlement Agreement solely to eliminate the burden and expense of further litigation. In exchange, Aeries has agreed to provide Class Members with substantial remedial and monetary benefits. These benefits are set forth in Plaintiff's Motion and incorporated below.

### A.   Settlement Terms

Aeries concurs in the facts related to the terms of the Settlement as set forth in Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 95) and therefore incorporates Section III "Terms of the Settlement" Paragraphs A-D as if set forth herein. Aeries does not contest or object to the relief requested in Section III(E), "Attorneys' Fees, Expenses, and Service Award."

### B.   Administration

Aeries does not object or contest to the facts related to the administration of the Settlement as set forth in Plaintiff's Motion (ECF No. 95). Aeries further states

5

1    that it will continue to work with Class Counsel and the Settlement Administrator to

2    ensure the timely dispersion of relief to the Class Members. Declaration of J.

3    Valdetero, attached hereto as Exhibit A, at, ¶ 11.

4         In addition, Plaintiff's Motion sets forth that, at the time of filing, JND had

5    raised its estimated fees from $139,216.00 to the $250,000 cap set in this case, due

6    to additional administrative work. *See* Plaintiff's Motion, JND Decl. at ¶ 30. Since

7    that time, the Parties have agreed that JND will limit its fees to $200,000, to better

8    align with original expectations. Valdetero Dec., ¶¶ 3-10; Declaration of G. Eoff,

9    attached hereto as Exhibit B.

10   ## IV.   THE SETTLEMENT MEETS THE STANDARDS FOR FINAL

11   

     ## APPROVAL AS FAIR, REASONABLE, AND ADEQUATE

12   

13        There is a "strong judicial policy that favors settlements" and an "overriding

14   public interest in settling and quieting litigation" particularly where class action

15   litigation is concerned. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir.

16   1992) (reversal of settlement approval only upon clear showing of abuse of

17   discretion); *Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (public

18   interest in containing the burdens of expensive class-action litigation favors

19   settlement).

20        In determining if a settlement meets Rule 23's final-approval standards, the

21   district court must determine that the settlement is "fair, reasonable, and adequate."

22   Fed. Rule Civ. Proc. 23(e)(2).  There is an initial presumption of fairness when a

23   proposed class settlement is negotiated at arm's length and presented for court

24   approval. *See* Newberg and Conte, Newberg on Class Actions (4th ed. 2002)

25   ("Newberg"), § 11:41, p. 90.

26        This determination to approve or reject a settlement is made in the "sound

27   discretion of the trial court."  *Stanton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir.

28   2003); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  In assessing

6

1  a settlement, the district court considers a number of factors, including: "the strength

2  of the plaintiff's case; the risk, expense, complexity, and likely duration of further

3  litigation; the risk of maintaining class action status throughout the trial; the amount

4  offered in settlement; the extent of discovery completed and the stage of the

5  proceedings; the experience and views of counsel; the presence of a governmental

6  participant; and the reaction of the class members to the Settlement." *Hanlon*, 150

7  F. 3d at 1026.  In addition, a settlement must not have been the product of collusion.

8  *Class Plaintiffs*, 955 F.2d at 1290.  Here, these factors heavily weigh in favor of the

9  Court's granting final approval of the settlement.

10          A.      <u>**The Strength of Plaintiff's Case**</u>

11          Assessing the strength of a plaintiff's case and its likelihood of recovery

12  involves weighing the merits against the amount offered in settlement and the

13  potential recovery.  *See* Newberg, *supra,* at §11:44, pp. 121-122.  It is not necessary,

14  however, for the Court to "reach any ultimate conclusions on the contested issues of

15  fact and law which underlie the merits of the dispute, for it is the very uncertainty of

16  outcome in the litigation and avoidance of wasteful and expensive litigation that

17  induce consensual settlements." *Class Plaintiffs,* 955 F.2d. at 1291 (citing *Officers*

18  *for Justice v. Civil Service Com.*, 866 F.2d 615, 625 (9th Cir. 1982)).  Where both

19  sides face significant uncertainty, the attendant risks favor settlement.  *Hanlon v.*

20  *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

21          Here, Aeries has a number of defenses that pose a risk to the claims of

22  Plaintiffs and other Class Members, which include risks to class certification, risk of

23  loss on the merits at trial, and risks of potential appeal. These arguments are set

24  forth, in part, in Aeries' Motion to Dismiss the First Amended Complaint. ECF No.

25  28. Moreover, Plaintiff would likely be unable to certify a class given the myriad

26  individualized issues present, including what, if any, damages each Class Member

27  suffered as a result of the acts alleged. However, data breach class action cases pose

28

7

1    novel issues of law that inherently cause uncertainty in litigation outcomes. Given

2    these risks, this factor weighs in favor of final approval of the Settlement.

3    **B.      The Risk, Expense, Complexity and Likely Duration of Further**

4    **Litigation**

5    "Additional elements that should be considered by the court in determining the

6    appropriateness of settlement are the likely expenses of continuing the litigation and

7    its prospects for relief for the class." *See* Newberg, *supra*, at § 11:50, p. 155. "[U]nless

8    the settlement is clearly inadequate, its acceptance and approval are preferable to

9    lengthy and expensive litigation with uncertain results." *Nat'l Rural Telcomms.*

10   *Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 526 (C.D. Cal. 2004) (internal quotations

11   omitted). The law favors settlement, particularly in class actions and other complex

12   cases where substantial judicial resources can be conserved by avoiding formal

13   litigation.  *See* Newberg, *supra*, at § 11:41, p. 87.  The uncertainty of outcome,

14   difficulties of proof, and length of litigation of class action suits lend them readily to

15   compromise and settlement.  *Id*. at § 11:41, 87-88.

16   But for this settlement, the parties would expend significant fees and costs

17   litigating this matter.  Indeed, Plaintiff was aware of Aeries' legal arguments and

18   defenses, which were set forth in the Motion to Dismiss the Amended Complaint as

19   well as presented at mediation. Should Aeries' Motion not have prevailed at the

20   pleadings stage, Aeries intended to reassert many of these arguments on summary

21   judgment. However, given the novel issues of law presented in this case, including

22   claims under the newly enacted California Consumer Privacy Act ("CCPA"), Aeries

23   faces the possibility of not prevailing on dispositive motions, at trial, or on appeal.

24   Conversely, the Settlement readily provides substantial benefits to nearly

25   100,000 Settlement Class Members. This relief is in line with other similar data breach

26   class action settlements, as set forth by Plaintiff in her Motion. *See* ECF No. 95 at

27   VI(2). Settling at this early stage ensures that Class Members receive relief

28   immediately, and not narrowed or delayed by protracted and expensive litigation

8

*ACTIVE 682931986v1*

1    which could result in less or no relief to the class. *See Chambers v. Whirlpool Corp.*,

2    No. CV11-1733, 2016 WL 5922456, at *5-6 (C.D. Cal. 2016) (quoting *Nat'l Rural*

3    *Telecomms Coop., supra,* at 526.

4          **C.**       **The Risk of Maintaining Class Action Status Throughout Trial**

5          Should this Settlement not be entered, Aeries will oppose class certification

6    based on, among other things, lack of standardized damages between class

7    members. Valdetero Dec., ¶ 13. While Aeries acknowledges that the outcome of

8    such opposition is unclear, it is certainly the case that Plaintiff would be at risk of

9    losing class action status should the Settlement not be approved.

10         **D.**       **The Amount Offered in Settlement is Fair and Reasonable**

11         As detailed above and in Plaintiff's Motion (ECF No. 95), the $1,750,000

12   Settlement Fund will accomplish the payment of similar, if not higher, amounts of

13   recovery to Class Members than what they are likely to recover at trial. This

14   represents a more than equitable resolution of this case, especially considering the

15   additional free credit monitoring and identity theft protection services that Class

16   Members that submit a claim will receive in addition to the other relief provided.

17         In any event, as discussed above, approval of the Settlement eliminates the

18   possibility that the Class Members do not recover at all, and it is "well-settled law

19   that a Settlement may be acceptable even though it amounts to only a fraction of the

20   potential recovery that might be available to class members at trial." *In re LinkedIn*

21   *User Privacy Litig.*, 309 F.R.D. 573, 588 (N.D. Cal. 2015). This risk should factor

22   into an assessment of the amount offered by a settlement. *Viceral v. Mistras Grp.,*

23   *Inc.*, No. 15-CV-02198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016)

24   ("[T]he value of a settlement cannot be assessed in a vacuum. Rather, it must be

25   considered in light of "the strength of the plaintiff's case' and the risks in pursuing

26   further litigation, among' other factors.").

27

28

*ACTIVE 682931986v1*

**E.      Extent of Discovery Completed and Stage of Proceedings**

The Settlement was agreed to at an early stage of the case in an effort to eliminate litigation costs and limit the parties' drain on judicial resources. Despite no formal discovery being issued, Aeries provided detailed information about the scope of the Data Breach, Class Members, and remediation efforts undertaken. Valdetero Dec., ¶ 2. Plaintiff's counsel, as well as the mediator, has reviewed these documents and they were accounted for in the course of negotiating the Settlement. Aeries has provided Plaintiff's counsel with everything they need for a thorough examination of the "factual and legal bases of the disputed claims." *See Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527-28. Moreover, the parties engaged in three mediation sessions with an experienced mediator over the course of nine months, during which time additional information was exchanged orally. Were the parties to continue litigating this case, they run the risk of depleting the remainder of Aeries cyber insurance coverage on litigation costs, leaving little money to satisfy any judgment. Accordingly, this factor weighs in favor of entering final approval of the Settlement.

**F.      The Experience and Support of Class Counsel**

"With regard to class action settlements, the opinions of counsel should be given considerable weight both because of counsel's familiarity with this litigation and previous experience with cases." *West v. Circle K Stores, Inc*., 2006 U.S. Dist. LEXIS 76558, *17-18 (E.D. C.A. 2006). Aeries has reviewed Section IV(6) of Plaintiff's Motion (ECF No. 95) and does not contest that Class Counsel in this case are experienced class action litigators. Class Counsel is in support of the Settlement. This factor should weigh in favor of approval of the Settlement.

**G.      Government Participation**

As required under the Class Action Fairness Act, 28 U.S.C. § 1715, notice of this Action was served on the U.S. Attorney General and the Attorneys General of the 50 U.S. States. *See* Pls. Motion for Final Approval of Class Action Settlement,

10

*ACTIVE 682931986v1*

1  Ex. A., at ¶ 3. The response period has closed. No objections or other response has

2  been made. The parties do not expect any governmental participation in this action.

3  **H.   Reaction of the Class Members to the Settlement**

4  The reaction of the Settlement Class overwhelmingly supports approval of the

5  Settlement. Significantly, after dissemination of the Notice to the Class Members,

6  which provided each Class Member with the terms of the Settlement and the

7  available relief, only ten valid opt-out requests, and no objections, were submitted.

8  *See* Pls. Motion for Final Approval of Class Action Settlement, Ex. A., at ¶ 20, A

9  total of 22. 2,258 Class Members have submitted claims, which reflects a claims rate

10  consistent with that in other class actions, indicating that there is nothing unusual or

11  concerning to Class Members about the relief provided. The claims period ended

12  October 7, 2022, and the parties do not expect any additional claim or opt-out

13  activity at this time. The reaction of the Class Members strongly supports approval

14  of the Settlement.

15  **I.   Balancing All Applicable Factors, The Settlement Should be**

16  **Approved**

17  As set forth above, balancing all relevant factors, it is clear that the Settlement

18  is fair, reasonable, and adequate.

19  **V.   CONCLUSION**

20  For the foregoing reasons, Aeries respectfully requests that the Court grant

21  this Motion and enter an order finally approving the Settlement and entering

22  Judgment as requested herein.

23

24  DATED:  October 24, 2022          GREENBERG TRAURIG, LLP

25
                                      By _/s/ Jena Valdetero_____
26                                       Jena Valdetero
                                         Lori Chang
27                                       Attorneys for Defendant
28                                       AERIES SOFTWARE, INC.

11